IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PENDLETON DIVISION

MONTE CALLAWAY,

        Plaintiff,        Civil No. 11-885-TC

    v.                  ORDER

STEVE SHELTON, et al.,

        Defendants.

HOGAN, District Judge.

    Plaintiff moves for a temporary restraining order to "stop further harassment by the defendants ... and to return the plaintiff to his general population unit until this action is settled in court or transfer the plaintiff to federal protective custody to prevent further unfounded loss of privileges by segregated restraint at the defendants instructions." (Sic) Request for temporary Restraining Order

1 - ORDER

(#44), p. 2.

In order to merit preliminary relief, the moving party must show, at an irreducible minimum, that they have a fair chance of success on the merits. Stanley v. University of Southern California, 13 F.3d 1313, 1319 (9th Cir. 1994), quoting Martin v. International Olympic Committee, 740 F.2d 670, 674-675 (9th Cir. 1994); Committee of Cent. American Refugees v. I.N.S., 795 F.2d 1434, 1437 (9th Cir. 1986).

In this case, plaintiff has not established a fair chance of success on the merits of his underlying claims.

Moreover, "T[]he purpose of a preliminary injunction is merely to preserve the relative positions of the parties until a trial on the merits can be held," and it is generally inappropriate for a federal court at the preliminary injunction stage to give a final judgment on the merits. University of Texas v. Camenisch, 451 U.S. 391, 395 (1981); Tanner Motor Livery, Ltd. V. Avis, Inc, 316 F.2d 804, 808 (9th Cir. 1983). See also, Regents of University of California v. ABC, Inc., 747 F.2d 511, 514 (9th Cir. 1984) ("* * * the function of a preliminary injunction is to preserve the *status quo ad litem*.") Wright and Miller, Federal Practice and Procedure § 2947 (1973) ("* * * the most compelling reason in favor of entering a Rule 65(a) order is the need to prevent the judicial process from being rendered futile by defendant's actions or refusal to act").

In this case, the preliminary equitable relief that

plaintiff seeks would in essence constitute a judgment on the merits of plaintiff's underlying claim and is therefor inappropriate.

Plaintiff's Request for Temporary Restraining Order (#44) is denied.

IT IS SO ORDERED,
DATED this 1st day of March, 2012.

Michael R. Hogan
United States District Judge

3 - ORDER