UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

MONTE CALLAWAY,

                Plaintiff,             2:11-cv-00885-TC

                  v.                ORDER

STEVE SHELTON, et al.,

                Defendants.

COFFIN, Magistrate Judge.

    Plaintiff, an inmate in the custody of the Oregon Department of Corrections, filed a complaint alleging that defendants violated his rights under the Eighth and Fourteenth Amendments and the Americans with Disabilities Act (ADA) by denying him facial reconstructive surgery so that he can be fitted with dentures. Plaintiff sought damages and injunctive relief.

    By Order (#181) entered January 28, 2014, the court summarized the facts giving rise to plaintiff's claims as follows:

1 - ORDER

[P]rior to being admitted to ODOC, plaintiff shot himself in the jaw in a suicide attempt and underwent extensive facial reconstructive surgery. Additional surgeries were planned but did not take place because plaintiff lost his coverage under the Oregon Health Plan upon his incarceration. Upon his admission to ODOC, on December 11, 2008, plaintiff was seen by medical staff and given a soft food diet due to his medical condition.

In April, 2009, plaintiff requested to be provided with dentures and was seen by Dr. Harrell at the Eastern Oregon Correctional Institution. Based on his opinion that dentures might not be able to be fabricated for plaintiff in his current condition, Dr. Harrell referred the matter to the Therapeutic Level of Care Committee (TLCC).[1] The TLCC approved the referral of plaintiff to a specialist for evaluation.

In June, 2009, plaintiff was examined by Dr. James Eyre, an oral and maxillofacial surgeon.

In June, 2009, the TLCC reconvened to consider plaintiff's condition in light of Dr. Eyre's diagnosis and findings. The TLCC denied plaintiff's request for facial reconstructive surgery and dentures stating:

[i]t is impossible to manufacture dental prostheses for this patient with the facial structures in the present condition. ODOC generally does not provide facial reconstructive surgery, which is considered mainly for cosmetic purposes. Aff. of Steven Shelton, M.D. (#125) 41.

Plaintiff's condition was reviewed again by the TLCC in January, 2010, and it affirmed its previous decision denying facial reconstructive surgery because it was "mainly for cosmetic purposes." *Id*. att. 5 at p. 151.

---

1.
The TLCC is a committee of practitioners who review individual cases for the appropriateness of treatment, a second opinion, or approval or denial of coverage.

Absent a significant change in plaintiff's condition, ODOC will not provide plaintiff with reconstructive surgery in the future. *Id.* at ¶47.

Plaintiff has no teeth, no lower gum line and what is left of his upper gum line does not touch what remains of his jaw-line. Both upper and lower chewing surfaces are distorted and he only has a partial tongue. He has an approximately one centimeter oral opening. Eyre Declaration (#126) ¶ 7. Plaintiff cannot chew solid food and cannot wear dentures. It is likely that he could be fitted for dentures but only after extensive, costly surgical intervention. *Id.*, p. ¶¶ 8, 9.

Plaintiff alleges that he suffers a host of medical problems because of his inability to chew, including digestive problems, constipation, diarrhea, painful bleeding hemorrhoids, bloody stool, an anal tear, difficulty urinating, severe choking and vomiting and painful cuts and scrapes inside his mouth, back pain and mental and emotional trauma. Plaintiff further alleges that due to his inability to chew he is unable to maintain a sufficient caloric and nutritional intake necessary to maintain his health and has lost weight.

The court granted defendants' motion for summary judgment as to plaintiff's Fourteenth Amendment and ADA claims. The court found that there were material issues of facts as to whether defendants were deliberately indifferent to plaintiff's serious medical needs, and denied defendants motion as to plaintiff's Eighth Amendment claim for injunctive relief requiring defendants to provide him with facial reconstructive surgery. However, it held that defendants were entitled to qualified immunity from liability for plaintiff's Eighth Amendment claim for damages.

In order to prevail on a 42 U.S.C. § 1983 claim that medical treatment has been denied or inadequately rendered, a prisoner must establish that there has been a "deliberate indifference to [his] serious medical needs." Estell v. Gamble, 429 U.S. 97, 104 (1976); Lopez v. Smith, 203 F.3d 1122, 1131 (9th Cir. 2000); see also, Clements v. Gomez, 298 F.3d 898, 904 (9th Cir. 2002).

A determination of "deliberate indifference" requires an examination of two elements: 1.) The seriousness of the prisoner's medical needs, and 2.) The nature of the defendant's response. McGuckin v. Smith, 974 F.2d 1050, 1059-60 (9th Cir. 1992) (overruled on other grounds by WMX Techs., Inc v. Miller, 104 F.3d 1133 (9th Cir. 1997). To find deliberate indifference, "[a] defendant must purposefully ignore or fail to respond to a petitioner's pain or possible medical need." Id. at1060.

Whether a medical condition is serious is ordinarily a question left to physicians, Brownell v. Figel, 950 F.2d 1285, 1291 (7th Cir. 1991) Davis v. Jones, 936 F.2d 971, 992 (7th Cir. 1991), but in general a medical condition is serious if it is life threatening or poses a risk of needless pain or lingering disability if not treated at once. Id., 936 F.2d at 972; see also, Farmer v. Brennan, 511 U.S. 825, 847 (1994).

"'Dental care is one of the most important medical needs

of inmates.'" <u>Hunt v. Dental Dept.</u>, 865 F.2d 198, 200 (9th Cir. 1989) (*quoting* <u>Ramos v. Lamm</u>, 639 F.2d 559, 576 (910 Cir. 1980). "Accordingly, the {E]ighth Amendment requires that prisoners be provided with a system of ready access to adequate dental care." *Id.* (citing <u>Hoptowit v. Ray</u>, 682 F.2d 1237, 1253 (9th Cir. 1982). There is no *per se* constitutional requirement that inmates be provided access to dentures. In order to establish a Eighth Amendment violation the inmate must establish that the failure to provide dentures or other medically acceptable treatment could result in further significant injury or the unnecessary and wanton infliction of pain. *See*, <u>Hunt</u>, 865 F.2nd 198 (issue of fact existed where inmate alleged that the loss of his dentures was causing him severe pain and permanent physical damage); *see also*, <u>Farrow v. West</u>, 320 F.3d 1235, 1244-45 (11th Cir. 2003); <u>Wynn v. Southward</u>, 251 F.3d 588, 593 (7th Cir. 2001).

The court's order regarding defendants' motion for summary judgment found that there were material issues of fact as to plaintiff's Eighth Amendment claim. Specifically the court found that there was a factual dispute as to 1.) The potential for muscle atrophy and bone reabsorption in plaintiff's mouth and jaw; (2) whether plaintiff's digestive issues were caused by his lack of dentures; and (3) whether his inability to chew prevents plaintiff from maintaining a

sufficient nutritional and caloric intake.

At a court trial was held on April 1, 2014, Dr. Dierks testified that plaintiff is a "fundamentally healthy man." He noted that there were no surgical complications from plaintiff's extensive prior surgeries and that plaintiff had healed "reasonably well." Dr. Dierks noted in his surgical report that plaintiff's "maxilla is moderately atrophic but demonstrates fair arch form." He further testified that there was no evidence of bone reabsorption and that plaintiff's jaw had healed reasonably well. Finally he testified that it was unlikely that plaintiff would sustain significant deterioration between the time of trial and when he is released from prison. Based on Dr. Dierk's testimony regarding his examination and updated evaluation of plaintiff I find that plaintiff has failed to establish a serious risk of harm based on the possibility of further muscle atrophy or bone reabsorption.

Plaintiff testified as to numerous conditions that allegedly result from his inability to properly chew. However, plaintiff did not introduce sufficient medical evidence to demonstrate that these conditions are caused by defendants' failure to provide him with dentures. Dr. Shelton testified that there is no medical basis to conclude that plaintiff's various conditions are caused by his inability to

eat and chew solid food.

Plaintiff's allegation that he is unable to maintain sufficient nutritional and caloric intake was not supported by the evidence. Plaintiff's reported weight of 150 lbs. Is appropriate for an individual who is 5'8". And as noted above, Dr. Dierks testified that plaintiff is a "fundamentally healthy man."

Assuming that plaintiff does have "serious medical needs" I find that defendants were not deliberately indifferent to those needs. Plaintiff's request for facial reconstructive surgery was considered by the TLC Committee (twice) and the committee reasonably concluded that plaintiff's circumstances did not warrant such surgery.

Based on the foregoing, I find that plaintiff has failed to establish that defendants were deliberately indifferent to his serious medical needs.

Even if plaintiff was able to establish that defendants were deliberately indifferent to his serious medical needs, plaintiff's requested relief is not proper.

Under the PLRA, a prospective injunction is appropriate only when it is narrowly drawn and is "the least intrusive means necessary" to vindicate a constitutional violation. Califano v. Yamasaki, 442 U.S. 682, 702 (1979).

In this case, plaintiff's requested injunctive relief

would not remedy the dietary health issues that plaintiff
attributes to his lack of dentures while he is in DOC custody.

Plaintiff is scheduled to be released on January 22,
2016. Dr. Dierks testified that it would take a minimum of
one month to schedule plaintiff's first surgery, approximately
18 months to complete all proposed reconstructive surgeries
and dental implants, and a minimum of four months to complete
the prosthodontic work to fit plaintiff with dentures. Thus
the earliest plaintiff could be fitted for dentures would be
in 23 months - at least 2 months after he is released from
ODOC custody. Thus the injunctive relief plaintiff seeks is
not "the least intrusive means necessary" to vindicate the
problems allegedly caused by plaintiff's lack of dentures
while incarcerated.

In addition, facial reconstructive surgery and dentures
is not the least restrictive means to remedy the medical
issues attributed to plaintiff's inability to chew. There was
considerable testimony at trial concerning other dietary
options that might alleviate plaintiff's digestive issues.
However, plaintiff has not pursued the other options and is
adamant that they not be considered as alternative equitable
relief.

At the court's request defendants have submitted a
summary of alternative dietary options potentially available

8 - ORDER

to plaintiff. *See,* Declaration of Andrew Hallman (#191).

Although the court might urge defendants to provide plaintiff with one or more of those alternative diets, and in particular the "Ensure" option, a court order compelling defendants to provide alternative equitable relief would not be appropriate because they are beyond the scope of plaintiff's complaint. Plaintiff has never requested that he be provided such alternatives, nor has he exhausted administrative remedies as to any such request.

Summary: I find that defendants were not deliberately indifferent to plaintiff's serious medical needs. Although plaintiff has digestive issues arguably as a result of his inability to chew, they are not so severe as to inhibit sufficient nutritional and caloric intake to maintain plaintiff's health. There is insufficient medical evidence to establish that plaintiff's "related" conditions - constipation, diarrhea, hemorrhoids, abdominal, anal and back pain, and urination difficulties - are caused by plaintiff's lack of dentures. There is no evidence of bone reabsorption or of significant muscle atrophy in plaintiff's mouth or jaw.

In sum, plaintiff failed to establish that defendants were deliberately indifferent to his medical needs. Plaintiff was examined on multiple occasions and his requests for surgery were duly evaluated and considered. Defendants

9 - ORDER

reasonably concluded that plaintiff's circumstances did not warrant facial reconstructive surgery.

Moreover, plaintiff has not established that the requested injunctive relief is the least intrusive means of alleviating the problems he attributes to his lack of dentures.  Alternative equitable relief such as alternative dietary options are not properly before the court because plaintiff has not requested such relief or exhausted administrative remedies as to those alternatives.

Plaintiff's request for injunctive relief in the form of an order requiring defendants to provide him with facial reconstructive surgery so that he can be fitted for dentures is denied.  The Clerk of the Court is directed to enter a judgment dismissing this action with prejudice.

IT IS SO ORDERED.


DATED this ⟨20⟩ day of May, 2014.

                              _____
                              Thomas M. Coffin
                              United State Magistrate Judge